IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD G. KIRBY,

    Petitioner,

v.                                                                   No. CV 08-886 MV/CEG

JAMES JANECKA, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico

    Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Richard G. Kirby's ("Mr. Kirby" or "Petitioner") pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2554, filed September 29, 2008; Petitioner's "Supplemental Request for Bond Pending Habeas," filed September 29, 2008; Respondent's Answer, filed January 6, 2009, and Petitioner's Reply, filed January 16, 2009. See docket nos. 1, 2, 11, and 12. In its Answer, Respondents assert Mr. Kirby has submitted a "mixed petition" containing both exhausted and unexhausted claims. See docket no. 11 at 10. I agree, and, for the reasons below, recommend that Mr. Kirby's § 2254 Petition be dismissed without prejudice.

Background

After a jury trial in the Third Judicial District, Doña Ana County District Court, Petitioner was found guilty of fraud by worthless check, a felony, in Cause No. CR-2001-0773. See docket no. 11, exhibit A. Petitioner was also found to be an habitual offender with two prior felony convictions, and was sentenced to a total term of five years in the custody of the New Mexico Department of Corrections to be followed by one year of parole. Id. Mr. Kirby was also

ordered to pay restitution in the amount of $733.00 as part of the judgment, which was entered on August 5, 2004.  Id.  Mr. Kirby appealed his conviction to the New Mexico Court of Appeals and the Court of Appeals affirmed his conviction.  Docket no. 1 at 3.  Mr. Kirby then filed a Petition for Writ of Certiorari with the New Mexico Supreme Court, which was denied.  Id.  Petitioner is now in the lawful custody of Respondent James Janecka, Warden, pursuant to the judgment and sentence.

Mr. Kirby's Petition for Writ of Habeas Corpus raises the following nine claims:

1)  Ineffective assistance of counsel as "[t]rial counsel has acknowledged . . . deficient obligations and prejudicial deficiencies" related to discovery and "key witness testimony," id. at 6-7;

2)  Insufficiency of the evidence with respect to restitution, id. at 8;

3)  Illegal enhancement of sentence, id. at 9-10;

4)  "The state failed to provide specifically requested discovery," id. at 11;

5)  Prosecutorial misconduct, id. at 12.1-12.2;

6)  Ineffective assistance of appellate counsel, id. at 12.2-12.4;

7) Trial court error when the court failed to grant a directed verdict, id. at 12.4-12.5;

8)  Trial court error with respect to imposing an invalid restitution because the court failed to make factual findings regarding whether the alleged victim had an actual loss, id. at 12.5-12.6; and

9)  Failure to grant bond pending appeal, id. at 12.7-12.8.

Analysis

A. Claims 1, 2, 3, 4, 5 and 7

This Court's ability to consider collateral attacks on state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in a state court, a federal habeas court may only grant relief under two circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" Supreme Court precedent in two circumstances: (1) when "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases;" or (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Suprme] Court and nevertheless arrives at a result different from" that reached by the Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state court decision constitutes an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411; see also Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams).  Finally, a state prisoner seeking habeas relief based on alleged erroneous factual determinations must overcome by clear and convincing evidence the presumption of correctness afforded state court factual findings.  See 28 U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).

I have reviewed those portions of the state court record which are pertinent to the issues raised in claims 1, 2, 3, 4, 5 and 7 in the application and find Petitioner has exhausted the claims in his habeas petition when he raised the claims in New Mexico state courts.  The Court of Appeals addressed and ultimately denied these particular claims.  See docket no. 11, exhibit WW.  The New Mexico Supreme Court denied Mr. Kirby's Petition for Writ of Certiorari.  Id., exhibit III.

Petitioner has not alleged or established the state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See 28 U.S.C. § 2254(d).  I find the New Mexico state courts applied the correct standard of review and the application of the legal standards were not erroneous or unreasonable.  Additionally, Petitioner has failed to overcome the presumption of correctness, by clear and convincing evidence, of the state court findings.  See 28 U.S.C. § 2254(e).  Thus, I find claims 1, 2, 3, 4, 5 and 7 raised in Petitioner's application were decided on the merits and the state court decisions and record are entitled to deference in accordance with 28 U.S.C. § 2254 and the AEDPA.

B.  Claims 6, 8 and 9

Respondent's answer, filed January 6, 2009, states "[b]ecause the petition contains both exhausted and unexhausted issues, one remedy is the dismissal of the petition without prejudice," but also acknowledges that "[t]o remedy the situation of the presentation of both exhausted an unexhausted claims, Petitioner may seek to dismiss the unexhausted claims." Docket no. 11 at 10, 12 (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).  Petitioner's reply,

4

however, contends "[t]he state basically asserts the Petitioner has presented unexhausted claims . . . [but] [t]his assertion is in error, and this error is clear in the petition itself."  Docket no. 12 at 1.  Reviewing the portions of the state court record which are pertinent to the issues raised in claims 6, 8 and 9 in the application, I find Petitioner's claims for ineffective assistance of appellate counsel, trial court error with respect to the order of restitution, and failure to grant bond pending appeal have not been raised in any state court proceeding.

Before Mr. Kirby may pursue claims in this Court, he must have exhausted his state court remedies in all of the claims that he raises.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a post-conviction action."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly."  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

As Mr. Kirby's petition contains both exhausted and unexhausted claims, it is a "mixed petition."  Pliler v. Ford, 542 U.S. 225, 227 (2004) (quotation omitted).  When a district court is presented with a mixed petition, it must "either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."  Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (discussing options in light of § 2254(b) and Rose, 455 U.S. at 509).  Because I recommend the entire petition be dismissed as a mixed petition, I will refrain from determining the merits of claims 6, 8 and 9.[1]

---

[1] The Court notes and instructs the pro se Petitioner that he is subject to the one-year tolling requirement under 28 U.S.C. § 2244(d).

Wherefore,

Because Petitioner has filed a petition that contains unexhausted claims, IT IS HEREBY RECOMMENDED that Richard G. Kirby's 28 U.S.C. § 2254 federal habeas corpus petition be DISMISSED WITHOUT PREJUDICE as a "mixed petition." IT IS ALSO RECOMMENDED that Petitioner's Supplemental Request for Bond Pending Habeas (docket no. 2) be DENIED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE